### SULINSKI v. LEAHY.

(Supreme Court, Appellate Term. November 12, 1903.)

1. APPEAL—CONTRACTS—TERMS.
    A verdict as to the terms of a contract, on conflicting evidence, will not be disturbed.
    MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Joseph Sulinski against Thomas B. Leahy. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Peck & McCann, for appellant.
Phillips & Avery, for respondent.

GILDERSLEEVE, J. This action was brought to recover the balance claimed by the plaintiff to be due him upon a contract, and arose out of the following facts: The defendant had a written con-

tract with the city of New York for the doing of the work and fur-
nishing the materials in the erection of an engine house. The house
was to be built according to certain plans and specifications. On
July 14, 1902, the plaintiff made a written proposal to the defend-
ant, of which the following is a copy:

"New York, July 14th, 1902.

"Thomas B. Leahy Esq., 9 East 42 Street—Dear Sir: We propose to furnish
labor and material for laying the contract asphalt and iron clad pavement,
also expanded metal for floor weighing 85 lbs per 100 square feet at Engine
Company No. 9, located at 55 E. B'way; according to the plans and specifica-
tions made by Supt. of Buildings of Fire Dept. and under his direction;

"Work guaranteed for five years after date of completion; for the sum of
($965.00) Nine Hundred and Sixty-five Dollars.

"Yours truly,                              · Eagle Artificial Stone Co.,
                                              "Per J. Sulinski."

The offer contained in the letter was accepted, and the plaintiff
performed the work and furnished the materials called for therein.

The contract made between the city and the defendant provided
that what are called "wood centers" should be used. These "wood cen-
ters" are wooden erections or false work put in place to support a con-
crete floor while it is setting and hardening, and are subsequently
removed. Neither the plaintiff's proposal nor the defendant's accept-
ance thereof in any way refer to the "wood centers." After the
plaintiff's proposal had been accepted, and prior to his beginning of
the work thereunder, the defendant claimed that the plaintiff had
agreed to furnish the wood centers, and the plaintiff denied such
claim. Thereupon the defendant caused the wood centers to be
made, and in this action counterclaimed for their value, viz., $57.46.
This counterclaim was not allowed. The written contract being si-
lent upon that subject, both sides had recourse to oral testimony
at the trial upon the question as to whether or not the plaintiff had
agreed to furnish the wood centers, and upon this question of fact
the trial judge found in favor of the plaintiff.

The claim of the appellant that because his contract with the city
in its plans and specifications called for "wood centers," and the
plaintiff had contracted to do certain labor and furnish certain ma-
terial "according to the plans and specifications made," etc., the plain-
tiff was thereby required to furnish "wood centers," is untenable.
The plaintiff's proposal was only to "furnish labor and material for
laying concrete asphalt and ironclad pavement and expanded metal
floor," and these specified articles were to be "according to plans
and specifications," and there is no claim made that, so far as these
articles are concerned, he failed to perform his contract, and the
plaintiff could not be required to "put in wood centers in the floor
construction as required by the plans and specifications," etc., unless
he had contracted with the defendant so to do. As before stated,
upon this disputed question of fact the version of the plaintiff was be-
lieved by the trial court. The trial court also, evidently, found that
the delay of the plaintiff in commencing the work was due to the
defendant's failure to insert the wood centers, and that his counter-
claim for damages for such delay was unfounded.

There seems no good reason for disturbing the judgment herein. Judgment affirmed, with costs.

FREEDMAN, P. J., concurs.

MacLEAN, J. (dissenting). The plaintiff, according to his complaint, "made and entered into a contract with the defendant, whereby the plaintiff agreed to furnish material for laying concrete floor, asphalt, and ironclad pavement, also expanded metal for floor, weighing 85 pounds to the hundred square feet, at Engine Co. No. 9 house, located at 55 East Broadway, Manhattan, New York City, in accordance with the plans and specifications made by the superintendent of buildings of the fire department," and "duly completed the same in accordance with said plans and specifications, and furnished the materials and performed the labor therein called for." In his action to recover balance due, the defendant counterclaims, among other things, for $57.46, for the failure and refusal of the plaintiff "to put in wood centering in the floor construction as required by the plans and specifications of the superintendent of buildings of the fire department," and that the defendant, in consequence of such failure, was obliged to and did put in the same himself. This the trial justice disregarded, notwithstanding the admission of the plaintiff at the trial that he (the plaintiff) did not lay the wood centering, and that "it is called for in the specifications." Pleading his claim upon a contract according to specific plans and specifications and performance thereunder, the plaintiff may not prove an earlier understanding with reference to his obligations which have been reduced to writing and by himself admitted to be in the specifications with reference to which he contracted. The judgment in his favor, in disregard of the claim of the defendant pleaded and proved, was therefore improper, and so should be modified by deducting therefrom the sum of $57.46, and, as thus modified, affirmed, without costs to either party upon this appeal.